# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| FOLASHADE J. OJELADE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 12-1964 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 3, 9, 10, 13 |
| | : | | |
| UNITY HEALTH CARE, INC., | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

**DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL;**
**DENYING DEFENDANT'S MOTION TO STRIKE RETURN OF SERVICE;**
**DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND**
**DENYING DEFENDANT'S MOTION TO STRIKE SUPPLEMENTAL RETURN OF SERVICE**

## I. INTRODUCTION

This litigation arises out of an employment discrimination dispute between the plaintiff, proceeding *pro se*, and her former employer. After the defendant moved to dismiss the complaint, the plaintiff filed a motion for appointment of counsel. Because the plaintiff has not sufficiently demonstrated her need for court-appointed counsel, the Court will deny the motion without prejudice.

There are also several service-related motions pending before the Court. After the defendant's initial motion to dismiss complained of insufficient service of process pursuant to Federal Rules of Civil Procedure 4 and 12(b)(5), the plaintiff attempted to re-serve her complaint via certified mail and filed two affidavits of service. The defendant moves to strike both affidavits. The plaintiff moves for default judgment based on the defendant's failure to respond to the complaint. Because the plaintiff did not properly effect service in accordance with Federal Rule of Civil Procedure 4(c)(2), the Court will grant the motions to strike and deny the motion

for default.  However, the Court will, *sua sponte*, grant the plaintiff a 60-day extension to effect service of process.

## II.  FACTUAL BACKGROUND

On December 6, 2012, Folashade J. Ojelade ("Plaintiff") filed a *pro se* complaint against her former employer, Unity Health Care, Inc. ("Defendant"), alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, failure to accommodate under the Americans with Disabilities Act and the Rehabilitation Act, violation of the Family and Medical Leave Act, and wrongful termination under D.C. law.  *See* Compl., ECF No. 1.  Defendant then filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), which is pending before the Court.  *See* Def.'s Mot. Dismiss, ECF No. 2.  Plaintiff now seeks court-appointed counsel, alleging in her single-page motion that she has "not been able to obtain a permanent job" since her employment with Defendant ended.  *See* Pl.'s Mot. Appt. Counsel, ECF No. 3.

Defendant's motion to dismiss complains of, *inter alia*, insufficient service of process under Federal Rules of Civil Procedure 4 and 12(b)(5) on the basis that the documents were served via mail, but the envelope was not addressed to an individual who is authorized to receive service.  *See* Def.'s Mem. Supp. Mot. Dismiss 5, ECF No. 2.  Acknowledging the defect, *see* Pl.'s Resp. Mot. Dismiss, ECF No. 4, Plaintiff mailed the summons and complaint to Defendant's counsel on April 18, 2013.  *See* Return Serv. Ex. 1, ECF No. 8-1.  The postal tracking information indicates that the documents were delivered on April 19, 2013.  *See id.*  On May 3, 2013, Plaintiff filed an affidavit and return of service with evidence of the April mailing.  *See* Return Serv., ECF No. 8.  On June 12, 2013, Plaintiff filed a supplemental affidavit and return of service asserting that she again mailed the summons and complaint to Defendant's

2

counsel on June 6, 2013. *See* Supp. Return Serv., ECF No. 12. Plaintiff complains that she did not receive a signed return receipt and moves for default judgment on that basis. *See* Return Serv., ECF No. 8; Pl.'s Mot. Default J., ECF No. 10. Defendant moves to strike both of Plaintiff's affidavits. *See* Def.'s Mot. Strike Return Serv., ECF No. 9; Def.'s Mot. Strike Supp. Return Serv., ECF No. 13.

### III. PLAINTIFF'S MOTION TO APPOINT COUNSEL

#### A. Legal Standard

A civil plaintiff is not guaranteed counsel. *See Gaviria v. Reynolds*, 476 F.3d 940, 943 (D.C. Cir. 2007). However, federal courts are authorized by statute to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (2006); *accord Willis v. FBI*, 274 F.3d 531, 532 (D.C. Cir. 2001). In determining whether it is appropriate to appoint counsel to a *pro se* litigant proceeding *in forma pauperis*,[1] courts in this district consider the following factors:

> (i) the nature and complexity of the action;
>
> (ii) the potential merit of the *pro se* party's claims;
>
> (iii) the demonstrated inability of the *pro se* party to retain counsel by other means; and
>
> (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

D.D.C. Civ. R. 83.11(b)(3); *Gaviria*, 476 F.3d at 943 (citing Rule 83.11 as "the appropriate metric for evaluating appointment of counsel").

---

[1] The Court notes that Plaintiff has not moved to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, in cases arising under Title VII the Court is not required to "demand as substantial a showing as that required to proceed *in forma pauperis*." *Poindexter v. FBI*, 737 F.2d 1173, 1186 (D.C. Cir. 1984).

In cases involving the causes of action Plaintiff asserts here, courts consider a slightly different set of factors: "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." *Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984); *see also Robinson-Reeder v. Am. Council on Educ.*, 626 F. Supp. 2d 11, 16 (D.D.C. 2009) (Title VII); *Sconion v. Thomas*, 603 F. Supp. 66, 68 (D.D.C. 1984) (Title VII and Rehabilitation Act). The D.C. Circuit has noted that our "local rule differs only slightly from the *Poindexter* factors . . . ." *Willis*, 274 F.3d at 533. Because Plaintiff is proceeding *pro se*, the Court will construe her filings more liberally than it would the formal pleadings or legal briefs drafted by lawyers. *See Thompson v. HSBC Bank USA, N.A.*, 850 F. Supp. 2d 269, 273 (D.D.C. 2012).

### B. Analysis

Plaintiff's single-page motion gives the Court very little information from which to evaluate whether Plaintiff should be appointed counsel. The motion states that, after Defendant terminated her employment, Plaintiff has "not been able to obtain a permanent job to have a lawyer for [her] case." Pl.'s Mot. Appt. Counsel, ECF No. 3. The Court has no basis to assess whether Plaintiff is able to afford counsel through temporary payroll income, savings, or by entering into a contingency arrangement. Although "a court should not insist that a plaintiff be destitute," *Poindexter*, 737 F.2d at 1186, a party seeking court-appointed counsel in a civil matter should present at least some evidence of financial need aside from mere lack of a permanent job. Moreover, Plaintiff seems to have been able to afford (or obtain for free) the assistance of counsel at some point, as attorney guidance is evident from the quality of the complaint.

4

The potential merits of this case are unclear at this early stage. Defendant has moved to dismiss Plaintiff's entire complaint for, among other reasons, failure to state a claim on which relief can be granted. *See* Def.'s Mot. Dismiss, ECF No. 2. Although that motion is still pending, the Court notes that several of Plaintiff's claims may be time-barred for failure to timely exhaust her administrative remedies. *See* 42 U.S.C. § 2000e-5(e)(1) (2006) (requiring that an EEOC charge be filed within 300 days of the allegedly discriminatory act); Def.'s Mot. Dismiss Ex. 3, ECF No. 2-1. At this juncture, when the merits of the case appear weak and the issues have yet to be narrowed, it is premature to take the uncommon step of appointing civil counsel.

Plaintiff's brief also fails to describe the extent of her efforts (if any) to secure counsel. While Plaintiff's motion *implies* that she has tried and failed to obtain counsel, "the plaintiff's showing of diligence requires more than 'pass[ing] the matter over with . . . casual comment . . . .'" *Poindexter*, 737 F.2d at 1188 (first and second alterations in original) (quoting *Arnold v. Speedgrip Chuck, Inc.*, 524 F. Supp. 679, 682 (N.D. Ind. 1981)). The Court simply cannot assess Plaintiff's efforts without more information such as, for example, her number of contacts with potential counsel.

Finally, based on the filings she has made with the Court so far, Plaintiff appears capable of representing her interests without the assistance of counsel. The complaint appears as though it were drafted with the assistance of counsel and sets forth a cogent narrative of Plaintiff's allegations. Moreover, this case—which involves a fairly straightforward set of employment discrimination claims—does not appear to involve any complex testimony, difficult legal issues, or unsettled law to such a degree that lawyering skills would be required at this juncture. *See id.* at 1189. On balance, the Court does not find it appropriate to appoint counsel.

## IV. MOTIONS TO STRIKE AND FOR DEFAULT JUDGMENT

Defendant moves to strike Plaintiff's affidavits and returns of service on the basis that they are ineffective because they were mailed by Plaintiff herself. Rule 4(c)(2) provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). This rule is not limited to personal service; a plaintiff may not effect service by mailing a copy of the summons and complaint herself. *See, e.g.*, *Williams v. Court Servs. & Offender Supervision Agency for D.C.*, 840 F. Supp. 2d 192, 199 n.3 (D.D.C. 2012); *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) ("Rule 4 is not so wide in scope as to encompass the notion of a plaintiff (even one proceeding *pro se*) effectuat[ing] service by Certified Mail via the Post Master General . . . ." (first alteration in original) (internal quotation marks omitted)).

Plaintiff acknowledges that she was the individual who mailed the summons and complaint to Defendant's counsel. *See, e.g.*, Supp. Return Serv., ECF No. 12. Because "even *pro se* claimants are subject to procedural requirements," *Powell v. U.S. Bureau of Prisons*, 927 F.2d 1239, 1248 (D.C. Cir. 1991) (Sentelle, J., dissenting), the Court finds Plaintiff's service ineffective. However, because Plaintiff's returns of service are not self-executing, and because they do not contain "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[,]" Fed. R. Civ. P. 12(f), the Court finds it unnecessary to strike the documents from the record and will deny Defendant's motions to strike. *See also Stabilisierungsfonds Fur Wien v. Kaiser Stuhl Wine Distribs.*, 647 F.2d 200, 201 (D.C. Cir. 1981) (per curiam) ("[M]otions to strike, as a general rule, are disfavored." (footnote omitted)). Because service was ineffective and Defendant has responded to the complaint, the Court will also deny Plaintiff's motion for default judgment.

6

"If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Plaintiff has failed to complete service of process within the 120 days allowed under the rules.  However, she has made diligent and repeated efforts to effect service without the assistance of counsel, and Defendant clearly has received actual notice of Plaintiff's complaint.  Therefore, the Court will, *sua sponte* and *nunc pro tunc*, grant an extension of Plaintiff's deadline.  Plaintiff will be given 45 days from today to effect service in accordance with Rule 4.[2]  Unless Defendant informs the Court by September 10, 2013, that it is willing to waive service pursuant to Rule 4(d), the Court will appoint a member of the U.S. Marshals to make service.  *See id.* at 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.").

## V.  CONCLUSION

For the foregoing reasons, the Court will deny without prejudice Plaintiff's motion to appoint counsel.  The Court will also deny Defendant's motions to strike the returns of service and deny Plaintiff's motion for default judgment.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:   August 27, 2013                                              */s/ Rudolph Contreras*
                                                                                         RUDOLPH CONTRERAS
                                                                                         United States District Judge

---

[2] Although effective service will moot the Rule 12(b)(5) argument in Defendant's pending motion to dismiss, the Court will not require Defendant to re-file its motion in order to maintain its Rule 12(b)(1), (4), and (6) arguments.

7